Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

United States Courts
Southern District of Texas
FILED

JUL 14 2023

Nathan Ochsner, Clerk of Court

Marcus A. Williams § 
 § 
versus § CIVIL ACTION NO. _____
 § 
Mickey French § 
Kevin Smith § 
Quo Carothers § 
Antonio Pittman 
Fred Milanowski      ORIGINAL COMPLAINT

Additional Defendants

1. Kevin Smith 5825 North Sam Houston Tx. 77086

2. Quo Carothers 5825 North Sam Houston Tx. 77086

3. Antonio Pittman Glynco GA at the Federal Training Academy

4. Fred Milanowski

When and how the Defendant has discriminated against Plaintiff

The defendant forced the plaintiff to resign through coercion and intimidation on Jan 10,2020. The defendant treated the plaintiff differently from all other employees based on race or color. The plaintiff received disparate treatment the entire time of employment starting with Antonio Pittman who stated that I would be the only African American in the class and that I would not be treated better than any of my classmates. This statement was made prior to my arrival to FLETC. Upon arriving to FLETC I did not have my dress shoes or shaving equipment due to my luggage not arriving in Jacksonville when I did due to the Airline not shipping it until the next day. Antonio Pittman again reprimanded me because of it despite the proof from the airline.

In the field office I was treated disparately starting with Kevin Smith who stated that to not ask anyone else questions in the field office, people such management was unhappy with the way I recycled to the fielded office because my wife was about to give birth (HR was aware of my family's situation and told me just to start and if I need to recycle I could). These are just a couple of the many times I was treated disparately/ harassed and made to feel uncomfortable during my employment with the ATF.

Marcus Williams

4306 Kestrel Ridge Ct

Manvel, Texas, 77578

marcusaw82@gmail.com

(713)598-1672

June 29, 2023

Re: Request for Waiver of Court Costs and Appointment of Counsel - Discrimination Case

Request Number: 2023000758

Appeal Number: 2022003129

Hearing Number: 460-2021-00274X

Dear Judge,

I hope this letter finds you well. I am writing to respectfully request the waiver of court costs in relation to my discrimination case and to seek the court's assistance in appointing counsel to represent me during the proceedings.

I am currently pursuing a case of discrimination that I believe to be of significant importance. However, due to the discriminatory actions I have faced, I have experienced various hardships, including financial difficulties. As a result, I am unable to bear the burden of court costs

1

associated with this legal matter. Paying these costs would pose a substantial obstacle for me and could potentially limit my ability to effectively present my case.

I understand that the court has the discretion to grant waivers of court costs based on an individual's inability to pay. I kindly request that you review my financial circumstances and consider waiving the court costs, or alternatively, reducing them to an amount that I can reasonably afford. By granting this request, you would provide me with an equal opportunity to seek justice and ensure that my voice is heard in this discrimination case.

Furthermore, I am also seeking the court's assistance in appointing counsel to represent me during the proceedings. Discrimination cases require a thorough understanding of the law and expertise in presenting evidence and arguments. As an individual without a legal background, I believe that having professional legal representation is crucial to effectively navigate through the complexities of this case. Due to my financial situation, I cannot afford to hire a private attorney. I kindly request that the court appoint counsel to assist me throughout the legal process. Having legal representation would not only protect my rights but also ensure that the court proceedings are conducted in a fair and impartial manner.

I firmly believe that this discrimination case holds significant importance not only for me but also for the broader principles of equality and justice. I am dedicated to pursuing this matter diligently and will cooperate fully with the appointed counsel, attending all court hearings and providing any necessary documentation or information required for the case.

I kindly ask the court to consider my request for a waiver of court costs and the appointment of counsel, as it would alleviate my financial burden and ensure that I have access to a fair and just legal process. I trust in the court's commitment to upholding justice and providing equal opportunities to individuals who have faced discrimination.

Thank you for your attention to this matter. I respectfully request that you give due consideration to my request as I am just requesting help with a career that I worked hard to get into and was not treated equally once employed.

Yours sincerely,

Marcus Williams

*[signature]*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marcus A. Williams a/k/a
Israel J.,[1]
Complainant,

v.

Merrick B. Garland,
Attorney General,
Department of Justice
(Bureau of Alcohol, Tobacco, Firearms & Explosives),
Agency.

Request No. 2023000758

Appeal No. 2022003129

Hearing No. 460-2021-00274X

Agency No. ATF-2021-001178

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Israel J. v. Dep't of Justice, EEOC Appeal No. 2022003129 (Oct. 18, 2022). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant, a GS-1811-07 Special Agent at the Agency's Houston Field Division in Houston, Texas, filed a formal EEO complaint alleging that the Agency subjected him to discrimination on the bases of race (African-American), national origin (African-American), sex (male), and color (Black) when, on January 13, 2020, he was coerced to resign from his position with the Agency as a Special Agent, GS-1811-07.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the matter, however, dismissed the complaint for untimely EEO Counselor contact. The Agency subsequently issued a final order fully adopting the AJ's decision. In the appellate decision, the Commission affirmed the final order.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and largely reiterates arguments previously made on appeal.

We have reviewed the various arguments raised by Complainant in the instant request for reconsideration. However, we can find no basis to disturb the Commission's prior decision. Complainant presents arguments which were previously raised and considered or could have been raised during the original appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Thus, we conclude that Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2022003129 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you.

**You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

May 9, 2023
Date