Case 4:23-cv-02593   Document 6   Filed on 10/20/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS A. WILLIAMS, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-2593 |
| § | |
| MICKEY FRENCH, ET. AL., § | |
|    *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, appearing pro se, filed a Complaint on July 14, 2023 asserting claims for employment discrimination against Defendants Mickey French, Kevin Smith, Quo Carothers, Antonio Pittman, and Fred Milanowski.[1] ECF 1 (supplemented by ECF 3). The docket sheet reflects that Plaintiff has not requested issuance of any summons and no defendant has appeared in this case.[2] Having reviewed the Complaint, the Court recommends that the district judge dismiss Plaintiff's claims sua sponte because Plaintiff cannot state a plausible claim for relief against these defendants. However, Plaintiff should be granted leave to amend his Complaint to name the proper defendant.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

[2] Plaintiff did not file an application to proceed in forma pauperis under 28 U.S.C. § 1915. His Complaint includes a "Request for Waiver of Court Costs." ECF 1 at 4-5. However, Plaintiff paid the civil filing fee on the day he filed the Complaint. Therefore, any request to proceed without payment of fees is moot.

The court possesses the inherent authority to dismiss an action sua sponte without motion by a defendant as long as the procedure is fair. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the procedure employed is fair). Generally, sua sponte dismissal is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021). The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention to dismiss his claims and the objection period provides Plaintiff with 14 days to object, explain why his case should be allowed to proceed, and/or to file an amended pleading. *See Id.* (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

Plaintiff, a former special agent at the Houston Field Division of the Bureau of Alcohol, Tobacco, Firearms & Explosives, has sued five individuals for employment discrimination. Although Plaintiff's Complaint does not reference the

statutory basis for his claims, the law is well-settled that Title VII provides the exclusive remedy for a federal employee claiming discrimination. *Moore v. Dejoy*, No. 4:21-CV-2322, 2023 WL 5105254, at *2 n.2 (S.D. Tex. Aug. 9, 2023) (citing *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996)).  After review of Plaintiff's Complaint, the Court has determined that Plaintiff cannot state a claim under Title VII for at least two reasons.

First, Plaintiff has named only individuals as defendants in this case. "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir.2002).  Furthermore, Plaintiff fails to assert sufficient facts to state a claim for relief as to any of the five individuals named as defendants.  ECF 1.  Thus, Plaintiff's claims against the individual defendants should be dismissed.

Second, Plaintiff's Complaint does not allege that he exhausted his administrative remedies against the individuals named as defendants.  A federal employee must exhaust administrative remedies prior to bringing a Title VII case in federal court.  *Marshall v. McDonough*, No. 2:20-CV-215-M-BR, 2022 WL 17541038, at *6 (N.D. Tex. Nov. 18, 2022), report and recommendation adopted, No. 2:20-CV-215-M-BR, 2022 WL 17541014 (N.D. Tex. Dec. 8, 2022) (stating "[a]s a precondition to filing suit in federal court, Title VII specifically requires a

federal employee claiming discrimination to exhaust her administrative remedies," citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) and *Sanchez v. United States Postal Serv.*, 430 F. App'x 368, 371 (5th Cir. 2011)). Plaintiff attached to his Complaint the May 9, 2023 EEOC Decision on Request for Reconsideration. ECF 1 at 7-9. The May 9, 2023 decision states that Plaintiff sought reconsideration of the Commission's decision on his formal EEO complaint alleging that the *Agency* discriminated against him when "he was forced to resign from his position" on January 13, 2020.[3] *Id.* at 7 (emphasis added). The May 9, 2023 Decision demonstrates that Plaintiff did not file a formal EEO complaint against the individual defendants. The failure to exhaust administrative remedies with respect to his complaints against individual defendants provides an alternative basis for dismissal of the Complaint.

The deficiencies in Plaintiff's Title VII case against the individual defendants cannot be cured by repleading. Therefore, Plaintiff's case against the individual defendants should be dismissed with prejudice. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is

---

[3] The EEOC "dismissed the complaint for untimely EEOC Counselor contact." ECF 1 at 8. To meet the exhaustion requirement, an employee of a federal agency must initiate contact with an EEO Counselor regarding a complaint of discrimination "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." 29 C.F.R. § 1614.105(a)(1).

4

nonetheless justified when the proposed amendment would be futile" (internal citations omitted)).  However, Plaintiff should be granted leave to file an Amended Complaint naming the proper defendant, i.e., "the person who is the official Agency head or department head, identifying that person by his or her full name and official title. . . . 'Agency' or 'department' means the national organization, and not the local office, facility or department in which you work."  ECF 1 at 8.  Further, Plaintiff is advised that if he files an Amended Complaint, it is his responsibility to request the Clerk to issue a summons and to properly serve the summons and complaint on the defendant in accordance with Federal Rule of Civil Procedure 4.

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's claims against the five individuals named in his Complaint be DISMISSED WITH PREJUDICE.  Plaintiff should be ordered to file an Amended Complaint against the proper defendant within 14 days of an order adopting this Memorandum and Recommendation.  Failure to do so will result in final dismissal of his case with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 20, 2023, at Houston, Texas.

                                                                Christina A. Bryan
                                                          United States Magistrate Judge