United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS A. WILLIAMS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-2593 |
| | § | |
| MICKEY FRENCH, ET. AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case, in which Plaintiff, appearing pro se, is attempting to sue his former employer for discrimination, is before the Court on Defendant's Motion to Dismiss. ECF 13. The Court recommends that the Motion to Dismiss be GRANTED.

### I.  Background

The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) hired Plaintiff on November 4, 2019 as a Special Agent in the Houston Field Division. Plaintiff alleges he was forced to resign on January 13, 2020 as a result of discrimination. Plaintiff filed a Complaint on July 14, 2023 asserting claims for employment discrimination against multiple individuals.[1]  ECF 1 (supplemented by ECF 3).  The Court dismissed Plaintiff's claims against the individuals with prejudice and granted him leave to file an Amended Complaint "naming the proper

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 5.

defendant, i.e., 'the person who is the official Agency head or department head, identifying that person by his or her full name and official title.'" ECF 6 at 5; ECF 9. The Court advised Plaintiff that "it is his responsibility to request the Clerk to issue a summons and to properly serve the summons and complaint on the defendant in accordance with Federal Rule of Civil Procedure 4." *Id.* The Court's Order also informed Plaintiff that his Complaint failed to plead exhaustion of remedies and "[a] federal employee must exhaust administrative remedies prior to bringing a Title VII case in federal court." ECF 6 at 3; ECF 9.

Plaintiff filed a pleading on October 25, 2023 with the heading "Amendment," which was docketed as his Amended Complaint. ECF 8. Although the filing does not have a case caption, it lists The Bureau of Alcohol Tobacco Firearm[s] and Explosive[s] (ATF) and the previously dismissed individuals as "involved parties." ECF 8 at 3. The clerk issued a summons to ATF and a process server filed an executed return of service on November 13, 2023. ECF 10. The ATF moves to dismiss this case because (1) Plaintiff failed to properly serve Defendant under Rule 4; (2) Plaintiff failed to exhaust his administrative remedies; (3) Plaintiff's discrimination claims are untimely and not supported by factual allegations; and (4) Plaintiff named the wrong defendant.

2

## II.   Legal Standards

ATF moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  ECF 13 at 1, 7-8.

ATF's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) argues that Plaintiff sued the wrong defendant.  ECF 13 at 14.  When a defendant files a motion under Rule 12(b)(1) challenging subject matter jurisdiction, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005).  The court may consider any of the following to resolve a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

A motion to dismiss for lack of service under Rule 4 is properly asserted under Rule 12(b)(5), not Rule 12(b)(1).  When a plaintiff fails to serve a defendant in the manner required by Rule 4, the federal court lacks *personal* jurisdiction over that defendant.  *Sorrell v. Michael E. DeBakey Va Med. Ctr.*, No. CV H-23-4840, 2024 WL 2946586, at *2 (S.D. Tex. June 11, 2024) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987)).  In response to a Rule 12(b)(5) motion, the plaintiff bears the burden to prove that service of process complied with the requirements of Rule 4.  *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

A motion to dismiss for lack of exhaustion is properly asserted under Rule 12(b)(6), not 12(b)(1).  Administrative exhaustion of remedies is a precondition to filing suit in federal court, but it does not deprive the Court of subject matter jurisdiction.  *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1850, 204 L. Ed. 2d 116 (2019) (holding "Title VII's charge-filing requirement is not of jurisdictional cast."); *Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018) (holding "Title VII's administrative exhaustion requirement is not a jurisdictional requirement.").

The remaining grounds for dismissal are properly asserted under Rule 12(b)(6) for failure to state a plausible claim for relief.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.  Analysis

#### A. This case must be dismissed for lack of subject matter jurisdiction.

The United States is immune from suit unless Plaintiff brings claims under a statute in which Congress expressly waived sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Congress has waived sovereign immunity in actions against the federal government for unlawful employment practices under Title VII.

5

*Cobb v. Kendall*, No. 3:22-CV-1867-B-BH, 2023 WL 4534955, at *4 (N.D. Tex. June 28, 2023) (citing 42 U.S.C. § 2000e-16), report and recommendation adopted, No. 3:22-CV-1867-B-BH, 2023 WL 4533676 (N.D. Tex. July 13, 2023).  However, Title VII suits against the Government must be strictly construed.  *Honeycutt v. Long*, 861 F.2d 1346, 1352 (5th Cir. 1988).  Strictly construed, § 2000e-16 does not waive sovereign immunity for Title VII cases brought against federal departments or agencies.  *Penn v. Army Air Force Exch. Serv.*, No. 3:20-CV-689-K-BK, 2020 WL 6877700, at *2 (N.D. Tex. Oct. 22, 2020), report and recommendation adopted, No. 3:20-CV-00689-K-BK, 2020 WL 6873603 (N.D. Tex. Nov. 23, 2020).  The head of the relevant department, agency, or unit is the *only* proper defendant in a Title VII case brought by a federal employee.  *Flowers v. United States*, No. 2:17-CV-118-KS-MTP, 2017 WL 11457254, at *2 (S.D. Miss. Nov. 30, 2017) (citing *Hall v. Small Bus. Admin.*, 695 F.2d 175, 180 (5th Cir. 1983)).  Thus, Title VII waives sovereign immunity only for cases brought against "the head of the department, agency, or unit," which, in this instance, would be Steven M. Dettelbach, Director of the ATF.  ECF 13 at 15; 42 U.S.C. § 2000e-16(c). "Sovereign immunity is jurisdictional in nature."  *F.D.I.C. v. Meyer*, 510 U.S. at 475.  Therefore, ATF's Motion to Dismiss this case for lack of subject matter jurisdiction because Plaintiff sued the wrong defendant should be granted.  Because

the Court lacks subject matter jurisdiction over this case, the Court does not address ATF's remaining arguments.

### B. Leave to amend in order to name the proper defendant would be futile.

Plaintiff argues that he has done his best as a pro se plaintiff and pleads for a second chance to correct any mistakes. *See* ECF 16. He argues that his claims should not be found unexhausted or untimely because he contacted ATC management "on the day that [he] was coerced and threatened to resign," and thought he had made his claims with the EEOC very clear. *Id.* at 2-3.

The EEOC's Decision on Request for Reconsideration informed Plaintiff that if he filed a civil action, he "must name as the defendant in the complaint the person who is the official Agency hear or department hear, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court." ECF 1-8. Further, this Court's Order granting leave to file an Amended Complaint advised him of the same requirement. ECF 6. The Court also directed Plaintiff to follow Federal Rule of Civil Procedure 4 to perfect service. ECF 6. There can be no question that Plaintiff has been given ample opportunity to correct the deficiencies in his pleading. Furthermore, certain of Plaintiff's pleading deficiencies cannot be cured by amendment, such as the failure to exhaust administrative remedies and the untimeliness of his charge of discrimination.

A plaintiff must exhaust administrative remedies before filing a Title VII claim in federal court. *Alabbassi v. Whitley*, No. 21-20070, 2022 WL 101975, at *2 (5th Cir. Jan. 11, 2022) (citing *Davis v. Fort Bend County*, 893 F.3d 300, 303 (5th Cir. 2018)). To meet the exhaustion requirement, an employee of a federal agency must initiate contact with an EEO Counselor regarding a complaint of discrimination "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." *Id.*; 29 C.F.R. § 1614.105(a)(1). At the conclusion of the counseling process, the EEO Counselor must issue a notice of final interview informing the employee of her right to file a formal Complaint of Discrimination with the agency that allegedly discriminated against the employee within 15 days. *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 851 (S.D. Tex. 2010) (citing *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.1990)); 29 C.F.R. §§ 1614.106(a) and (b). Failure to meet the exhaustion requirements bars a federal employee from seeking review of his claims in federal court "absent waiver, estoppel, or equitable tolling." *Austin v. Potter*, 358 F. App'x 602, 605 (5th Cir. 2010).

In this case, Plaintiff alleges his resignation was coerced on January 10, 2020. ECF 1 at 2; ECF 16 at 3. He insists that he has been seeking help since that time. *Id.* Assuming his allegations to be true, Plaintiff fails to allege, in either his Original or Amended Complaint, that he initiated contact *with an EEO Counselor* within 45

days of the discriminatory event.  After an investigation, the EEOC dismissed his charge of discrimination based on untimely EEO Counselor contact.  ECF 1 at 8. Leave to amend in this case would be futile because, even if Plaintiff named and perfected service on Steven M. Dettelbach in his capacity as Director of the ATF, the failure to timely exhaust administrative remedies dictates that Plaintiff's Complaint would be dismissed for failure to state a claim.  Thus, leave to amend should be denied as futile.  *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (a district court may deny leave to amend as futile if the amended complaint would be subject to dismissal).

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that ATF's Motion to Dismiss (ECF 13) be GRANTED and this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, without leave to amend.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 17, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge