United States District Court
Southern District of Texas
**ENTERED**
August 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS A. WILLIAMS, | § |
| Plaintiff, | § § § |
| v. | §   CIVIL ACTION NO. H-23-2593 |
| MICKEY FRENCH, et al., | § § § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marcus A. Williams, who was hired to be a special agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in November of 2019, alleges that in January of 2020 he was forced to resign. Appearing pro se, Plaintiff has attempted to sue his former employer for employment discrimination, which is actionable against federal agencies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Pursuant to the Memorandum and Recommendation (Docket Entry No. 20) entered by Magistrate Judge Bryan, and the Order Adopting Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 26), the court entered a Final Judgment (Docket Entry No. 27) dismissing this action without prejudice for lack of subject matter jurisdiction without leave to amend because amendment would be futile. Pending before the court is Plaintiff's Request for Reconsideration (Docket Entry No. 28). Because Plaintiff fails either to argue or to show that the court committed a manifest error of law or fact, Plaintiff's Request for Reconsideration will be denied.

## I. Background

Plaintiff initiated this action on July 14, 2023, asserting claims for employment discrimination against a number of individuals.[1] On September 14, 2023, the court entered an Order (Docket Entry No. 5), referring this action to Magistrate Judge Christina Bryan pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and the Civil Justice Reform Act's Cost and Delay Reduction Plan.

On October 20, 2023, Judge Bryan issued a Memorandum and Recommendation (Docket Entry No. 6), recommending that the court "dismiss Plaintiff's claims sua sponte because Plaintiff cannot state a plausible claim for relief against [the named] defendants,"[2] and "grant[ Plaintiff] leave to amend his Complaint to name the proper defendant."[3] The Memorandum and Recommendation explained that the proper defendant in this action is "the person who is the official Agency head or department head, identifying that person by his or her full name and official title . . . 'Agency' or 'department' means the national organization, and not the local office, facility, or department in which you work."[4] In

---

[1] See Original Complaint, Docket Entry No. 1. See also Original Complaint Amendment, Docket Entry No. 3.

[2] Docket Entry No. 6, p. 1. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

[3] Id.

[4] Id. at 5.

2

addition, the Memorandum and Recommendation informed Plaintiff that "if he files an Amended Complaint, it is his responsibility to request the Clerk to issue a summons and to properly serve the summons and complaint on the defendant in accordance with Federal Rule of Civil Procedure 4."[5] The Memorandum and Recommendation also informed Plaintiff that his Complaint failed to allege that he had exhausted his administrative remedies, and that "[a] federal employee must exhaust administrative remedies prior to bringing a Title VII case in federal court."[6]

On October 25, 2023, Plaintiff filed an instrument titled, "Amendment," which was docketed as his Amended Complaint (Docket Entry No. 8). Plaintiff's Amended Complaint identifies ATF and the previously named individual defendants as "involved parties," but does not name a defendant.[7]

On November 8, 2023, the court entered the Order Adopting Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 9), dismissing with prejudice the claims asserted against the individually named defendants, and granting Plaintiff fourteen (14) days within which to "file an Amended Complaint naming as Defendant the official head of the Agency or Department he claims discriminated against him." The court reminded Plaintiff "of his

---

[5]Id.

[6]Id. at 3.

[7]Docket Entry No. 8, pp. 3-4.

obligation to serve the Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure."[8]

On November 13, 2023, a process server filed a Proof of Service (Docket Entry No. 10) showing that the Summons in a Civil Action that the Clerk issued on October 31, 2023, for the Bureau of Alcohol Tobacco Firearm[s] and Explosives, 5825 North Sam Houston Parkway W., Houston, Texas, 77086, was served on an ATF Administrative Assistant on November 3, 2023.

On February 1, 2024, following a number of extensions, the ATF filed Defendant's Motion to Dismiss Plaintiff's Complaint for failure to serve the proper defendant, lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 4, 12(b)(1), and 12(b)(6), respectively (Docket Entry No. 13). On April 22, 2024, Plaintiff responded to the ATF's motion to dismiss (Docket Entry No. 16), arguing that as an individual without legal training he had done the best he could to name and serve the proper defendant, and to exhaust his administrative remedies by reaching out to the special agents in charge of the ATF's Houston office the day he was forced to resign. On April 29, 2024, the ATF filed Defendant's Reply in Support of Motion to Dismiss (Docket Entry No. 17), arguing that Plaintiff failed to refute the grounds raised in its motion to dismiss, and that Plaintiff's arguments established that he failed to serve the

---

[8]Docket Entry No. 9.

United States Attorney's Office and the Attorney General as required under Federal Rule of Civil Procedure 4, that he failed to exhaust his administrative remedies, and that his claims were untimely.

On May 14, 2024, Plaintiff filed an instrument asking the court to appoint counsel to represent him (Docket Entry No. 18), and on June 17, 2024, the court entered an Order (Docket Entry No. 19) denying Plaintiff's request for appointment of counsel.

On June 17, 2024, Judge Bryan issued a Memorandum and Recommendation (Docket Entry No. 20) recommending that this action be dismissed without prejudice for lack of subject matter jurisdiction because Plaintiff failed to name the proper defendant.[9] Judge Bryan also recommended that dismissal be without leave to amend because amendment would be futile as "certain of Plaintiff's pleading deficiencies cannot be cured by amendment, such as the failure to exhaust administrative remedies and the untimeliness of his charge of discrimination."[10] Judge Bryan explained that Plaintiff had been warned on multiple occasions of the need to name and serve the proper defendant, but nonetheless had failed to do so,[11] and observed that the Equal Employment

---

[9] Docket Entry No. 20, pp. 5-7 and 9.

[10] Id. at 7.

[11] Id. See e.g., United States Equal Employment Opportunity Commission, Decision and Request for Reconsideration, attached to
(continued...)

Opportunity Commission's Decision on Request for Reconsideration attached to Plaintiff's Original Complaint showed that Plaintiff had failed to timely exhaust his administrative remedies.[12]

On August 8, 2024, Plaintiff filed objections to Magistrate Judge Bryan's Memorandum and Recommendation (Docket Entry No. 25). On August 9, 2024, the court entered the Order Adopting Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 26), and Final Judgment (Docket Entry No.27), for which Plaintiff seeks reconsideration.

## II. Standard of Review

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." St. Paul Mercury Insurance Company v. Fair Grounds Corporation, 123 F.3d 336, 339 (5th Cir. 1997). In this circuit

> [a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. Texas A&M Research Foundation v. Magna Transportation, Inc., 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the

---

[11](...continued)
Original Complaint, Docket Entry No. 1, p. 8; Memorandum and Recommendation, Docket Entry No. 6, p. 5; and Order Adopting Magistrate Judge's Memorandum and Recommendation, Docket Entry No. 9.

[12]Id. at 8.

6

> judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

<u>Demahy v. Schwarz Pharma, Inc.</u>, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam), <u>cert. denied,</u> 134 S. Ct. 57 (2013).  The Final Judgment from which Plaintiff seeks relief was entered on August 9, 2024.  Plaintiff filed the pending Request for Reconsideration seven days later on August 16, 2024.  Accordingly, Rule 59(e) provides the appropriate standard of review.

"Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Templet v. HydroChem, Inc.</u>, 367 F.3d 473, 479 (5th Cir.), <u>cert. denied sub nom. Irvin v. Hydrochem, Inc.</u>, 125 S. Ct. 411 (2004).  A manifest error of law is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" <u>Guy v. Crown Equipment Corp.</u>, 394 F.3d 320, 325 (5th Cir. 2004) (quoting <u>Venegas-Hernandez v. Sonolux Records</u>, 370 F.3d 183, 195 (1st Cir. 2004) (quoting <u>Black's Law Dictionary</u> 563 (7th ed. 1999))).  A manifest error of fact "is an obvious mistake or departure from the truth."  <u>Bank One, Texas, N.A. v. Federal Deposit Insurance Corp.</u>, 16 F.Supp.2d 698, 713 (N.D. Tex. 1998). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."  <u>Banister v. Davis,</u> 140 S. Ct. 1698, 1703 (2020) (quoting <u>White v. New Hampshire Department of Employment Security,</u>

102 S. Ct. 1162, 1166 (1982)). To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003). "A Rule 59(e) motion 'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 478-79.

### III. **Analysis**

Plaintiff's Request for Reconsideration fails to dispute the court's statement of the law, analysis, or conclusions. Instead, asserting that this "case involves significant allegations of racial discrimination and disparate treatment by the leadership of the Houston Field Office,"[13] Plaintiff argues that "the facts and circumstances of my treatment by the Houston Field Office demonstrate a clear pattern of racial and color discrimination that requires judicial review."[14] Plaintiff argues that he

> was treated differently from other employees within the field office in several ways:

---

[13]Plaintiff's Request for Reconsideration, Docket Entry No. 28, p. 1.

[14]Id. at 2.

8

- My direct supervisor instructed me not to ask questions of others and to only come to him, isolating me from the team in a manner that was not applied to other employees.

- I was subjected to different and stricter dress code requirements compared to my colleagues.

- I was repeatedly told by leadership that I was viewed differently due to my needing to recycle out of the Academy following my wife's pregnancy, a situation that was used to marginalize me.

- Unlike standard procedures where Human Resources conducts employment verification prior to hiring, the Houston Field Office took it upon themselves to contact my previous employers, a practice that was not applied to others, suggesting a disparate approach.[15]

Plaintiff argues

> [t]his is not a baseless claim; I can provide factual evidence to support these allegations. It is my earnest prayer that the Court will reconsider its decision to dismiss the case. The issues raised here are serious and impact not only me but others who share my racial background and aspire to work in federal law enforcement.[16]

The reasons for which Plaintiff seeks reconsideration neither argue nor show a manifest error of law or fact, an intervening change in controlling law, or the availability of new evidence not previously available. See Schiller, 342 F.3d at 567; Templet, 367 F.3d at 479. Nor do they show that allowing Plaintiff another opportunity to amend his complaint would not be futile. This action is based on allegations that the ATF discriminated against

---

[15] Id.

[16] Id. at 3.

9

Plaintiff because of his race (African-American) and color (Black), by forcing him to resign on January 10, 2020.[17] But Plaintiff fails to plead any facts in his Original Complaint,[18] Amended Complaint,[19] or Request for Reconsideration capable of establishing that his resignation was forced because of his race or color. Accordingly,

---

[17] See Original Complaint, Docket Entry No. 1, p. 2 ("When and how the Defendant has discriminated against Plaintiff. The defendant forced the plaintiff to resign through coercion and intimidation on Jan. 10, 2020.").

[18] See id. at 2 pp. 2-3 (alleging that "[t]he defendant treated the plaintiff differently from all other employees based on race and color. The plaintiff received disparate treatment the entire time of employment starting with Antonio Pittman who stated that I would be the only African American in the class and that I would not be treated better than any of my classmates. This statement was made prior to my arrival to FLETC. Upon arriving to FLETC I did not have my dress shoes or shaving equipment due to my luggage not arriving in Jacksonville when I did due to the Airline not shipping it until the next day. Antonio Pittman again reprimanded me because of it despite the proof from the airline.

In the field office I was treated disparately starting with Kevin Smith who stated that [I was] to not ask anyone else questions in the field office, . . . management was unhappy with the way I recycled to the field office because my wife was about to give birth (HR was aware of my family's situation and told me just to start and if I need to recycle I could). These are just a couple of the many times I was treated disparately/harassed and made to feel uncomfortable during my employment with the ATF.").

[19] See Amended Complaint, Docket Entry No. 8, p. 7 ("On the day of the coercion by Mikey French, I was coerced to resign over an issue that nobody spoke with me about nor asked me any questions about. This was a horrible experience and compounded the already hostile and toxic work environment. The treatment received from the Houston Field Office Leadership was horrible and despicable, as the basic elements of an investigation were not met. I was not afforded the opportunity to give my side of the story at all, nor was I given the opportunity to explain. I was simply told that I had to quit my job and start with the ATF on short notice . . .").

10

the court concludes that Plaintiff has failed to show that reconsideration of the court's final judgment dismissing this action without leave to amend is warranted.

## IV.  Conclusions and Order

For the reasons stated in § III, above, Plaintiff's Request for Reconsideration of the court's August 9, 2024, Final Judgment dismissing this action without leave to amend, Docket Entry No. 28, is **DENIED**.

**SIGNED** at Houston, Texas, on this the 22nd day of August, 2024.

---
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE